IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ASHLEY EARY,

          Plaintiff,

v.                                                                         CIVIL ACTION NO. 2:21-cv-00104

ANDERSON EQUIPMENT COMPANY, et al.,

          Defendants.

**ORDER**

Plaintiff Ashley Eary ("Plaintiff") initially brought this action against Defendants Anderson Equipment Company ("AEC") and Judy Anderson ("Anderson") (collectively, "Defendants") in the Circuit Court of Kanawha County, West Virginia, on September 25, 2020. (ECF No. 1-2 at 5–14.) AEC removed the action to this Court on February 10, 2021, pursuant to 28 U.S.C. § 1332(a)(1). (ECF No. 1.) Before this Court is Plaintiff's motion to remand this case to state court. (ECF No. 10.) For the reasons explained more fully herein, Plaintiff's motion is **DENIED**.

I.     *BACKGROUND*

Plaintiff alleges that Defendants, her former employer and its president, unlawfully terminated her employment on September 28, 2018, after refusing to accommodate the six-to-eight-week recovery period recommended by her health care providers following a surgical procedure. (ECF No. 1-2 at 5–9.) She brings claims for violations of the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1, *et seq.*, and for intentional infliction of emotional distress. (*Id.* at 9–13.) She seeks "Compensatory and Punitive damages for emotional distress and mental suffering," those

damages expressly permitted by the WVHRA, lost wages, attorney's fees, and pre- and post-judgment interest. (*Id.* at 13.)

Plaintiff filed her motion to remand on March 15, 2021. (ECF No. 10.) Defendants timely responded on March 25, 2021. (ECF No. 13.) Plaintiff did not file a reply. As such, the motion to remand is fully briefed and ready for resolution.

## II. LEGAL STANDARD

When an action is filed in state court, a defendant may seek to remove it to federal court if it is one over which the federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). AEC asserts in its notice of removal that this Court's jurisdiction derives from 28 U.S.C. § 1332(a)(1), which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." (ECF No. 1 at 2.) *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). AEC, as the "party seeking to adjudicate [this] matter in federal court . . . bears the burden of demonstrating that removal jurisdiction is proper." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008) (emphasis deleted). Any doubt about whether federal jurisdiction exists weighs in favor of remanding the case to state court. *Common Cause v. Lewis*, 956 F.3d 246, 252 (4th Cir. 2020) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

## III. DISCUSSION

The parties appear to agree with the allegations in AEC's notice of removal that there is complete diversity of citizenship between them, as Plaintiff is a citizen of West Virginia and Defendants are citizens of Pennsylvania for purposes of diversity

jurisdiction. (ECF No. 1 at 3.) *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."). However, Plaintiff challenges AEC's assertion that the amount in controversy in this action exceeds the jurisdictional threshold. (ECF No. 11 at 4–6; *see* ECF No. 1 at 4–5.)

In general, "[t]he removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). As such, "the sum demanded in good faith in the initial pleading" is typically "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, where, as here, the complaint demands a money judgment but does not set forth a specific amount of damages, "the notice of removal may assert the amount in controversy." *Id.* § 1446(c)(2)(A); *see Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 790 (S.D.W. Va. 2002) ("In West Virginia courts, a plaintiff is not bound by the *ad damnum* clause and may seek to amend it after final judgment to conform to the evidence." (citing *Berry v. Nationwide Mut. Fire Ins. Co.*, 381 S.E.2d 367, 376 (W. Va. 1989))). In those circumstances, "removal of the action is proper on the basis of [the] amount in controversy asserted [in the notice of removal] . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.* § 1446(c)(2)(B); *Francis*, 709 F.3d at 367.

To that end, the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). In its

3

notice of removal, AEC emphasizes that Plaintiff seeks a variety of compensatory and punitive damages, in addition to attorney's fees. (ECF No. 1 at 4–5.) Defendants elaborate on this argument in their response in opposition to Plaintiff's motion to remand, pointing out that Plaintiff alleges in her complaint that she was employed full-time at AEC, and if she were paid only the applicable hourly minimum wage, with no overtime hours, she would earn $15,080 per year. (ECF No. 13 at 3 & n.1.) Therefore, Defendants assert, an award of back pay and front pay alone on Plaintiff's WVHRA claim could cause her damages to exceed the $75,000 jurisdictional amount. (*Id.* at 3.) *See* W. Va. Code § 5-11-13(c) (providing for award of back pay for WVHRA violation); *Thompson v. Town of Alderson*, 600 S.E.2d 290, 292 (W. Va. 2004) ("[A] jury may award front pay in a [WVHRA] case where the employer, by opposing reinstatement, 'elected front pay rather than reinstatement.'" (quoting *Casteel v. Consolidation Coal Co.*, 383 S.E.2d 305, 311 (W. Va. 1989))). Defendants also contend that "Plaintiff would only have to incur $15,000 in lost wages . . . to be entitled to" $60,000 in punitive damages, for a total of $75,000. (ECF No. 13 at 4.) *See* W. Va. Code § 55-7-29(c) ("The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater."). They further point out that the WVHRA entitles Plaintiff to attorney's fees and costs if she prevails. (ECF No. 13 at 4.) *See* W. Va. Code § 5-11-13(c); *Francis*, 709 F.3d at 368 (stating that attorney's fees may be included in amount in controversy calculation if permitted by statute). It appears, then, that if Plaintiff were to prevail on her WVHRA claim, she could be entitled to an amount exceeding the $75,000 jurisdictional threshold even without considering the damages she requests for her intentional infliction of emotional distress claim. As

such, Defendants have met their burden to establish that this action is properly before this Court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    April 13, 2021

Dwane L. Tinsley
United States Magistrate Judge