## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ASHLEY EARY,

               Plaintiff,

v.                                          CIVIL ACTION NO.   2:21-cv-00104

ANDERSON EQUIPMENT COMPANY, et al.,

               Defendants.

### MEMORANDUM OPINION AND ORDER

Plaintiff Ashley Eary ("Plaintiff") brings this action against her former employer, Defendant Anderson Equipment Company ("AEC"), and its president, Judy Anderson ("Anderson") (collectively, "Defendants").   (ECF No. 1-2 at 5–14.)   Before this Court are Anderson's motion to dismiss (ECF No. 4) and AEC's partial motion to dismiss (ECF No. 6).   For the reasons stated more fully herein, Anderson's motion (ECF No. 4) is **GRANTED**, and AEC's motion (ECF No. 6) is **DENIED**.

### I.    BACKGROUND

Plaintiff alleges that she began working for AEC on approximately May 14, 2018, and completed a ninety-day probationary period on approximately August 12, 2018. (ECF No. 1-2 at 6.)   According to Plaintiff, shortly after she completed her probationary period, on August 27, 2018, she "reported to work and was experiencing severe pain in her lower abdomen," so "she left work at lunchtime" and presented to an urgent care clinic.   (*Id.*)   She alleges that imaging revealed "a large, solid mass attached to the outside of her uterus," and a gynecologist scheduled a surgical procedure to remove the mass for September 11, 2018.   (*Id.*)   She further alleges that the gynecologist "granted

[her] medical permission to be off work for two weeks" leading up to her surgery and recommended a six-week recovery period, "which would have expired on or around October 23, 2018." (*Id.* at 6–7.)

Plaintiff avers that on September 4, 2018, approximately one week before her scheduled surgery, Anderson contacted her and requested that her physician provide documentation about her condition and her expected return to work by September 7, 2018. (*Id.* at 7.) She alleges that Anderson contacted her again on September 7, 2018, and informed her that AEC was unable to accommodate the projected eight-to-ten-week absence recommended by the gynecologist but would "grant [Plaintiff] an unpaid Leave of Absence through September 28, 2018." (*Id.* (emphasis deleted).) According to Plaintiff, Anderson also directed her to obtain "a letter stating [her] prognosis and estimated return to work date" from her gynecologist at her follow-up appointment on September 27, 2018, and reminded her that she would be responsible for reimbursing AEC "for the share of the group health plan and insurance premiums paid on [her] behalf." (*Id.* at 8 (emphasis deleted).)

Plaintiff alleges that despite her gynecologist's statement prior to her surgery that she would not be released to work until after October 23, 2018, Anderson contacted her on September 28, 2018—the final day of her unpaid leave of absence—and stated that in granting Plaintiff the leave of absence, she "hoped that [Plaintiff] would be released to full duty" at its conclusion. (*Id.* at 8–9 (emphasis deleted).) Plaintiff avers that Anderson told her that AEC could not accommodate her "required restrictions" and terminated her employment at AEC "effective immediately." (*Id.* at 9 (emphasis deleted).) According to Plaintiff, "Defendants had no intention of keeping [her] employed, but merely used the

foregoing correspondence [sent by Anderson] as a pre-text [sic] for her termination." (*Id.*)

Plaintiff brings disability discrimination claims pursuant to the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1, *et seq.*, and intentional infliction of emotional distress claims against both Defendants.   (*Id.* at 9–13.)   She seeks "Compensatory and Punitive damages for emotional distress and mental suffering," those damages expressly permitted by the WVHRA, lost wages, attorney's fees, and pre- and post-judgment interest.   (*Id.* at 13.)

Defendants filed their motions to dismiss on February 22, 2021.   (ECF Nos. 4, 6.) Plaintiff timely responded to AEC's partial motion to dismiss on April 15, 2021 (ECF No. 20), and AEC timely replied (ECF No. 21).[1]   To date, Plaintiff has not filed a response to Anderson's motion to dismiss.   Defendants' motions are ready for resolution.

## II.     ANALYSIS

### A. *Anderson's Motion to Dismiss (ECF No. 4)*

Anderson moves to dismiss Plaintiff's claims against her because, among other reasons, Plaintiff has not, to date, served her with the summons and complaint in this action.   (ECF No. 4.)   This Court may, pursuant to Federal Rule of Civil Procedure 12(b)(5), "dismiss a complaint that has not been served on a defendant in the manner prescribed by [Federal Rule of Civil Procedure 4]."   *Smith v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:15-cv-03387, 2016 WL 696606, at *2 (S.D.W. Va. Jan. 26, 2016), *adopted by* 2016 WL 707458 (S.D.W. Va. Feb. 19, 2016).[2]   "The plaintiff bears the burden

---

1 By Order dated April 5, 2021, Plaintiff's deadline to respond to Defendants' motions was extended until April 15, 2021, and Defendants' time to reply was extended until April 26, 2021.   (ECF No. 17.)
2 It does not appear that Plaintiff attempted to serve the summons and complaint on Anderson prior to removal, but "[s]tate law governs whether service of process is properly effected if attempted prior to removal."   *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 651 (S.D.W. Va. 2012).

3

of proving adequate service once a [Rule 12(b)(5)] motion to dismiss for insufficient service of process has been filed . . . ."   *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Plaintiff has not satisfied her burden in this case.   There is no evidence presently before this Court that Plaintiff at all endeavored to serve Anderson with the summons and complaint, and she has not explained why she failed to do so, nor has she requested additional time to effect service.   Although Plaintiff was ordered to respond to both Defendants' motions to dismiss on or before April 15, 2021 (ECF No. 17), she timely responded only to AEC's partial motion to dismiss (ECF No. 20).   To date, she has not filed any response to Anderson's motion to dismiss.   When a party is given an opportunity to respond to a motion to dismiss but fails to do so, this Court may proceed "to rule on the [opposing party's] motion and dismiss [the] suit on the uncontroverted bases asserted therein."   *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

Coupled with her failure to timely effect service of the summons and complaint on Anderson, Plaintiff's failure to respond to Anderson's motion to dismiss strongly suggests that she does not intend to pursue her claims against Anderson.   *See Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D.W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 776 (D. Md. 2010) ("By her failure to respond to this argument, the plaintiff abandons any discriminatory discharge claim.").   Accordingly, Anderson's motion to dismiss (ECF No. 4) is **GRANTED**.   In re *Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-cv-12719, 2017 WL 6345880, at *1 (S.D.W. Va.

4

Dec. 11, 2017) (dismissing action pursuant to Rule 12(b)(5) because plaintiff did not effect service of complaint or respond to defendants' motion to dismiss).

    *B. AEC's Partial Motion to Dismiss (ECF No. 6)*

    AEC moves to dismiss Plaintiff's WVHRA disability discrimination claim against it because she is not a "qualified person with a disability" able to bring a claim under that statute.   (ECF No. 6.)   To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."   *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"   *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.   *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

    Plaintiff alleges that Defendants violated the WVHRA by failing to reasonably accommodate the restrictions necessitated by her surgery by assigning her to "solely clerical tasks" while she recovered.   (ECF No. 1-2 at 9–11.)   In order to state a WVHRA claim for breach of the employer's duty of reasonable accommodation, the plaintiff must allege, among other elements that do not appear to be at issue in AEC's motion, that she "is a qualified person with a disability."   Syl. Pt. 7, *Woods v. Jefferds Corp.*, 824 S.E.2d 539 (W. Va. 2019) (quoting Syl. Pt. 2, *Skaggs v. Elk Run Coal Co.*, 479 S.E.2d 561 (1996)).

A "qualified person with a disability" "is one who is able and competent, with reasonable accommodation, to perform the essential functions of the job in question."   Syl. Pt. 6, *Woods*, 824 S.E.2d. 539 (quoting Syl. Pt. 1, *Coffman v. Bd. of Regents*, 386 S.E.2d 1 (W. Va. 1988), *overruled on other grounds by Skaggs*, 479 S.E.2d. 561).

AEC, citing *Kitchen v. Summers Continuous Care Ctr., LLC*, 552 F. Supp. 2d 589 (S.D.W. Va. 2008), argues that Plaintiff did not meet this standard at the time of her termination because she alleges that her physician had not released her to perform any work—including the clerical duties she identifies in her complaint—until October 23, 2018.   (ECF No. 7 at 3–4; ECF No. 21 at 2.)   The plaintiff in *Kitchen* brought disability discrimination claims pursuant to both the WVHRA and the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the *Kitchen* court addressed them concurrently.   *See* 552 F. Supp. at 592 n.5.   In stating that "It is well-settled that an individual who has not been released to work by his or her doctor is not a 'qualified individual with a disability,'" the *Kitchen* court referenced several federal cases interpreting the ADA's "qualified individual with a disability" requirement.   *Id.* at 594.

But according to the West Virginia Supreme Court of Appeals, the WVHRA "represents an independent approach to the law of disability discrimination that is not mechanically tied to federal disability discrimination jurisprudence."   *Stone v. St. Joseph's Hosp. of Parkersburg*, 538 S.E.2d 389, 404 (W. Va. 2000).   Key here, "[a] qualified disabled person who is protected by the [WVHRA] . . . includes a person who has a disability and is temporarily unable to perform the requirements of [her] job due to [her] disability, with or without accommodation."   Syl. Pt. 3, *Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331 (W. Va. 1999).   This would appear to foreclose AEC's argument that

6

Plaintiff cannot be a "qualified individual with a disability" because she alleges that her physician did not release her to return to work until October 23, 2018.

AEC's assertion instead seems to relate to another element of Plaintiff's WVHRA disability discrimination claim: whether "a reasonable accommodation existed that met the plaintiff's needs."   Syl. Pt. 7, *Woods*, 824 S.E.2d 539 (quoting Syl. Pt. 2, *Skaggs*, 479 S.E.2d 561).   When disability renders a person temporarily unable to work, the WVHRA may require an employer to offer a leave of absence as a reasonable accommodation "for the purpose of recovery from or improvement of the disabling condition that gives rise to a temporary inability to perform the requirements of his or her job."   Syl. Pt. 4, *Haynes*, 521 S.E.2d 331.   In her brief in opposition to AEC's motion to dismiss, Plaintiff implies that Defendants should have offered her a temporary leave of absence as a reasonable accommodation.   (ECF No. 20 at 3–6.)   AEC argues that the only suggested reasonable accommodation set forth in Plaintiff's complaint is the adjustment to clerical work, and she alleges that her physician did not release her to perform any work at all until October 23, 2018.   (ECF No. 21 at 2.)

AEC is correct that Plaintiff's WVHRA claim specifically alleges only that "a reasonable accommodation existed in that the Plaintiff could have been assigned solely clerical tasks."   (ECF No. 1-2 at 10.)   But it also incorporates "[t]he preceding paragraphs" of the complaint, which aver "that instead of allowing the Plaintiff to return to work in the latter part of October (a mere one month later and in accordance with her physician's directives)," Anderson "unilaterally only g[a]ve the Plaintiff until September 28, 2018 to return to work instead" and "Notwithstanding that she only needed an additional month of recovery time, it is readily apparent that the Defendants had no intention of keeping Plaintiff employed, but merely used the foregoing correspondence as

7

a pre-text [sic] for her termination." (*Id.* at 8–9.)   Therefore, Plaintiff does allege—although somewhat indirectly—that Defendants could have accommodated her medical condition by offering her a leave of absence until her physician authorized her to return to work on October 23, 2018.   These allegations are sufficient at the motion-to-dismiss stage to establish that a reasonable accommodation existed.   As such, AEC's partial motion to dismiss (ECF No. 6) is **DENIED**.

## III.   CONCLUSION

For the foregoing reasons, Anderson's motion to dismiss (ECF No. 4) is **GRANTED**, and Plaintiff's claims against her are **DISMISSED**.   AEC's partial motion to dismiss (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      May 12, 2021

Dwane L. Tinsley
United States Magistrate Judge

8